9 F.3d 1543
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hazel DAVIS, Plaintiff-Appellant,
v.
ELECTROLUX CORPORATION, Defendant-Appellee.
 No. 92-1297.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 22, 1992.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon.
 Robert W. Detrick, Bristol, Virginia, for Appellant.
 James P. Jones, M. Jill Morgan, Penn, Stuart, Eskridge & Jones, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Hazel Davis appeals from the district court's order granting summary judgment to Electrolux Corporation, her former employer, on her claim alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1992). Davis was hired by Electrolux in 1986 to work as a loader/unloader at its Bristol, Virginia, plant. Electrolux terminated Davis's employment in March 1989 for "inability to work with fellow employees and creating unnecessary disturbances in the work area." At the time she was terminated, Davis was 55 years old. She brought this action claiming that Electrolux discriminated against her due to her age. The district court granted Electrolux's motion for summary judgment, finding that Davis failed to make out a prima facie case of age discrimination and that, in any event, Electrolux's proffered reason for her discharge was unrefuted. Davis appeals.
 
 
 2
 We review grants of summary judgment de novo. Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987). Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 
 3
 To establish a prima facie case of age discrimination, Davis would have to show that (1) she is in the protected age group (defined as an individual at least forty years old, 29 U.S.C. § 631(a) (West Supp. 1992)); (2) that she was discharged; (3) that at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) that persons outside the protected age class were retained in the same position or that there was some other evidence that the employer did not treat age neutrally in deciding to dismiss her. Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir. 1988), cert. denied, 490 U.S. 1107 (1989). We agree with the district court that Davis did not sustain her burden to show that she was performing her job at a level that met Electrolux's legitimate expectations.
 
 
 4
 Electrolux submitted an affidavit from Davis's supervisor which states that he provided Davis with two written warnings concerning her poor work performance prior to her termination. Davis admitted receiving one of those warnings but denied the truth of the allegations. Moreover, she did not dispute the fact that her relations with fellow employees were difficult, protesting only that the complaints of fellow employees were unjustified. However, as the district court pointed out, whether those allegations were true is not the issue. The issue is whether Electrolux believed them and acted on that belief.
 
 
 5
 Therefore, we affirm the district court's order granting Electrolux's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED